1

2

3

4

5               UNITED STATES DISTRICT COURT

6               EASTERN DISTRICT OF WASHINGTON

7    ALYSSA S. A. M.,

8                        Plaintiff,              NO. 2:22-CV-0077-TOR

9         v.                                     ORDER GRANTING DEFENDANT'S
                                                 MOTION FOR SUMMARY
10   KILOLO KIJAKAZI, Acting                     JUDGMENT
     Commissioner Of Social Security,
11
                        Defendant.
12

13        BEFORE THE COURT are the parties' cross-motions for summary

14   judgment (ECF Nos. 10, 11).  These matters were submitted for consideration

15   without oral argument.  The Court has reviewed the administrative record, and is

16   fully informed.  For the reasons discussed below, Plaintiff's Motion for Summary

17   Judgment (ECF No. 10) is **DENIED,** and Defendant's Motion for Summary

18   Judgment (EFC No. 11) is **GRANTED**.

19                              **JURISDICTION**

20        The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

1

## STANDARD OF REVIEW

2    A district court's review of a final decision of the Commissioner of Social

3  Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

4  limited: The Commissioner's decision will be disturbed "only if it is not supported

5  by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

6  1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence"

7  means relevant evidence that "a reasonable mind might accept as adequate to

8  support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated

9  differently, substantial evidence equates to "more than a mere scintilla[,] but less

10  than a preponderance."  *Id.* (quotation and citation omitted).  In determining

11  whether this standard has been satisfied, a reviewing court must consider the entire

12  record as a whole rather than searching for supporting evidence in isolation.  *Id.*

13    In reviewing a denial of benefits, a district court may not substitute its

14  judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

15  1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

16  rational interpretation, [the court] must uphold the ALJ's findings if they are

17  supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674

18  F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

19  ALJ's decision on account of an error that is harmless."  *Id.*  An "error is harmless

20  where it is 'inconsequential to the ultimate nondisability determination.'"  *Id.* at

1115 (citation omitted).  The party appealing the ALJ's decision generally bears

the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396,

409–10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act.  First, the claimant must be unable "to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12

months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

impairment must be "of such severity that [he or she] is not only unable to do [his

or her] previous work[,] but cannot, considering [his or her] age, education, and

work experience, engage in any other kind of substantial gainful work which exists

in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

416.920(a)(4)(i)–(v).  At step one, the Commissioner considers the claimant's

work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in

"substantial gainful activity," the Commissioner must find that the claimant is not

disabled.  20 C.F.R. § 416.920(b).

1   If the claimant is not engaged in substantial gainful activities, the analysis

2   proceeds to step two.  At this step, the Commissioner considers the severity of the

3   claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

4   "any impairment or combination of impairments which significantly limits [his or

5   her] physical or mental ability to do basic work activities," the analysis proceeds to

6   step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

7   this severity threshold, however, the Commissioner must find that the claimant is

8   not disabled.  *Id.*

9   At step three, the Commissioner compares the claimant's impairment to

10   several impairments recognized by the Commissioner to be so severe as to

11   preclude a person from engaging in substantial gainful activity.  20 C.F.R. §

12   416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

13   enumerated impairments, the Commissioner must find the claimant disabled and

14   award benefits.  20 C.F.R. § 416.920(d).

15   If the severity of the claimant's impairment does meet or exceed the severity

16   of the enumerated impairments, the Commissioner must pause to assess the

17   claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

18   defined generally as the claimant's ability to perform physical and mental work

19   activities on a sustained basis despite his or her limitations (20 C.F.R. §

20   416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 4

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*,

700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

On March 7, 2019, Plaintiff filed an application for Title XVI supplemental

security income benefits, alleging an onset date of April 1, 2004.  Tr. 15.  The

applications were denied initially, Tr. 151-154, and again on reconsideration, Tr.

155-157.  Plaintiff appeared at a telephonic hearing before an administrative law

judge ("ALJ") on March 19, 2021.  Tr. 35-65.  The alleged onset date was

amended to March 7, 2019 at the time of the hearing.  ECF No. 10 at 2.  The ALJ

denied Plaintiff's claim on April 21, 2021.  Tr. 15-28.

At step one of the sequential evaluation analysis, the ALJ found Plaintiff

engaged in substantial gainful activity during the following periods: May 2020,

through February 2021.  Tr. 17.  However, the ALJ found there has been a

continuous 12-month period(s) during which Plaintiff did not engage in substantial

gainful activity.  *Id.*  At step two, the ALJ found Plaintiff had the following severe

impairments: attention-deficit hyperactivity disorder ("ADHD"), borderline

intellectual functioning, depressive disorder with panic attacks, post-traumatic

stress disorder ("PTSD"), and obesity.  *Id.*  At step three, the ALJ found Plaintiff

did not have an impairment or combination of impairments that meets or medically

equals the severity of a listed impairment.  Tr. 18-19.  The ALJ then found Plaintiff

had a residual functional capacity to perform medium work with the following

limitations:

> [Plaintiff] can occasionally climb ladders, ropes, and scaffolds. She
> can occasionally stoop, kneel, crouch, and crawl. She should avoid
> exposure to irritants such as fumes, odors, dusts, gases, and poorly
> ventilated areas and exposure to industrial chemicals. She can have
> no exposure to unprotected heights. She should have low stress work,
> meaning no production pace/conveyor belt work, a predictable work
> environment, occasional simple workplace changes, work that would
> not involve large groups of the public. Work interacting with one or
> two members of the public is ok. She can have brief and superficial
> interaction with co-workers and occasional interaction with
> supervisors.

Tr. 22.

At step four, the ALJ found Plaintiff capable of performing past relevant

work as a Companion. Tr. 26. In the alternative, at step five, the ALJ found that,

considering Plaintiff's age, education, work experience, and RFC, there were other

jobs that existed in the significant numbers in the national economy that Plaintiff

could perform, such as hand packager, garment sorter, and cleaner, housekeeper.

Tr. 27-28. The ALJ concluded Plaintiff was not under a disability, as defined in

the Social Security Act, from March 7, 2019, the alleged onset date, through April

21, 2021, the date of the ALJ's decision. Tr. 28

1

**ISSUES**

2      1.  Whether the ALJ properly considered Plaintiff's subjective symptom

3          testimony;

4      2.  Whether the ALJ properly evaluated Plaintiff's residual functional

5          capacity; and

6      3.  Whether the ALJ properly evaluated the vocational expert's testimony.

7

**DISCUSSION**

8

**I.    Plaintiff's Symptom Testimony**

9          Plaintiff contends the ALJ did not provide clear and convincing reasons to

10   discount her symptom testimony.  ECF No. 10 at 13-15.

11         An ALJ engages in a two-step analysis to determine whether a claimant's

12   subjective symptom testimony can be reasonably accepted as consistent with the

13   objective medical and other evidence in the claimant's record.  Social Security

14   Ruling ("SSR") 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine

15   whether there is 'objective medical evidence of an underlying impairment which

16   could reasonably be expected to produce the pain or other symptoms alleged.'"

17   *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*,

18   572 F.3d 586, 591 (9th Cir. 2009)).  "The claimant is not required to show that her

19   impairment 'could reasonably be expected to cause the severity of the symptom

20   she has alleged; she need only show that it could reasonably have caused some

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8

degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors should be considered: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the

symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. *Id*. at *7–8; 20 C.F.R. § 416.929(c)(3).

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms. Tr. 23. However, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence. *Id.*

### 1. *Objective Medical Evidence*

Plaintiff challenges the ALJ's finding that Plaintiff's symptom testimony was not supported by the objective medical evidence. ECF No. 10 at 15-17.

Objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. 20 C.F.R. § 416.929(c)(2). However, an ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

First, the ALJ found Plaintiff's symptoms varied, noting Plaintiff's anxiety and depression screenings had heightened scores prior to the relevant period but the scores during the relevant period were not considered to be clinically significant.  Tr. 24 (citations to the record omitted).  Second, the ALJ found symptom improvement and mood stability with medications and Plaintiff's medical status examinations were largely stable.  *Id.* (citations to the record omitted).  Third, while Plaintiff stated she had no physical limitations at the hearing, the ALJ nonetheless considered her obesity and found Plaintiff retained a normal gait and station with intact sensation and normal strength and respiratory effort.  *Id.* (citations to the record omitted).

The ALJ's finding that the objective medical evidence conflicted with the Plaintiff's symptom testimony is supported by substantial evidence.

### 2.  Miscellaneous Challenges

Plaintiff asserts her testimony is consistent with the record where she has been unable to keep a job and is consistent the opinions of Dr. Islam-Zwart and D. Genthe.  ECF No. 10 at 13-14. First, Plaintiff acknowledges that the loss of the job was not due to her symptoms.   *See* ECF No. 10 at 13 ("Plaintiff indicated that she ultimately quit that job when her hours dropped to five to ten hours per week."). Second, the Court does not weigh the medical opinion evidence where Plaintiff does not challenge the ALJ's the reasons for discounting these medical opinions.

It is the ALJ's role to resolve conflicts in the evidence.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's opinion is supported by substantial evidence.

Even if this were an error, the ALJ considered other factors.  *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).  The Court notes the ALJ discounted Plaintiff's symptom testimony for reasons Plaintiff does not challenge here, including her improvement with treatment and her ability to work at substantial gainful levels at the time of the hearing.  *See* Tr. 23.

## II.    Steps Four and Five

Plaintiff contends the ALJ erred at step five in finding Plaintiff had the capacity to work as a companion and erred in assessing the vocational expert testimony.  ECF No. 10 at 15-16.

Relying on vocational expert testimony, the ALJ found Plaintiff could work as a companion as generally performed and as actually performed by Plaintiff, in comparing Plaintiff's RFC with the physical and mental demands of the work.  Tr. 27.  In the alternative, the vocational expert testified Plaintiff could perform the occupations of hand packager, garment sorter, and cleaner, housekeeper considering her age, education, work experience, and RFC.  Tr. 27-28.

Plaintiff asserts the ALJ erred in not crediting the vocational expert's testimony regarding a hypothetical where a worker could not maintain competitive

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

employment if the worker missed in excess of two days per month.  ECF No. 10 at

15-16.  This hypothetical relies on Plaintiff's report of absenteeism from a job

where she remained employed – the ALJ did not account for the absenteeism as the

ALJ found that Plaintiff was working at a job at substantial gainful activity levels

and reflected ongoing functionality.  Tr. 27-28.  Plaintiff's challenge is a

restatement that the ALJ should have credited her symptom testimony in the RFC,

which the ALJ properly discounted as discussed *supra*.  The Court finds the ALJ

did not err.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the

ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs Motion for Summary Judgment (ECF No. 10) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 11) is

   **GRANTED**.

The District Court Executive is directed to enter this Order and Judgment

accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED October 5, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 13